

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

|  |  |
|---|---|
| IN RE APPLICATION OF THE ) <br> UNITED STATES OF AMERICA FOR ) <br> AN ORDER PURSUANT TO ) <br> 18 U.S.C. § 2703(d) DIRECTING AT&T ) <br> MOBILITY TO DISCLOSE INFORMATION ) <br> INFORMATION RELATED TO CELLULAR ) <br> TELEPHONE NUMBERS 681-313-0592 ) | MISC. NO. 2:18-00036 |

APPLICATION OF THE UNITED STATES
FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Mobility ("AT&T"), a cellular service provider and/or a remote computing service, located in North Palm Beach, Florida, to disclose certain records and other information pertaining to the account described in Part I of Attachment A. The records and other information to be disclosed are described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

LEGAL BACKGROUND

1. AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. *See* 18 U.S.C. § 2703(d). Specifically,

the Court is a district court of the United States that has jurisdiction over the offense being investigated. *See* 18 U.S.C. § 2711(3)(A)(i).

3.  A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4.  The United States is currently investigating and is currently prosecuting the case of United States v. Kevin Clark Nicholas (hereinafter "Nicholas"). Nicholas is currently charged in a four-count indictment returned by a federal grand jury sitting in Charleston, West Virginia. The indictment charges Nicholas with one count of production of child pornography and three counts of attempted production of child pornography, all in violation of 18 U.S.C. §§ 2251(a) and (e). Based upon evidence uncovered by the West Virginia State Police, it appears that Nicholas used an AT&T wireless cell phone numbered 681-313-0592 in connection with some of these offenses.

5.  Specifically, evidence recovered during two residential searches involving Nicholas included a laptop computer and a Samsung cell phone, which was assigned the number 681-313-0592. Forensic review of the devices revealed videos depicting child pornography and chats via online messaging service Skype that appear to have been with minors.

6. A Skype chat recovered from Nicholas's devices involved a conversation between Nicholas and a person who identified herself as a 14-year-old female from the Philippines. On July 1, 2016, the chat indicates that Nicholas offered the minor money if she would take six sexually explicit photographs of herself to send to him; Nicholas indicated in detail exactly what each of the six photographs should depict, including various close shots of her vagina and anus.

7. A video recovered during the forensic evaluation of the devices depicted a recording of a cell phone screen using a recording application called Mobizen, which application was also located on Nicholas's cell phone. The video depicts a live video chat between a prepubescent female (in the main screen of the chat) and Nicholas (depicted in a smaller screen at the lower right-hand corner of the video). During the recording, the minor transmits a live video of herself graphically displaying her genitals. Nicholas is seen masturbating and ejaculating in the small corner video; he is identifiable from both distinctive tattoos on his arm and his white beard. Metadata from the recording indicates that it was created on December 2, 2016.

8. Another video recovered from both Nicholas's cell phone and laptop depict a recording by a hidden camera in a bathroom. Law enforcement identified that bathroom as one in a house associated with Nicholas and where he was known to reside. In the video, a minor female, who has been identified by law enforcement during the investigation as a real minor female, is seen undressing prior to getting in the shower. Metadata from the video reveals that it was created on January 11, 2017.

9. Another Skype chat recovered from Nicholas's devices involved a conversation between Nicholas and a person who identified herself as a 11-year-old female from the Canada.

On March 24, 2017, Nicholas asks the girl to use a webcam to show him her genitals. During the conversation, Nicholas also tells the girl that he has been secretly recording a minor female.

10. Currently, statements from individuals familiar with Nicholas and employment records for Nicholas indicate that he was located in the Southern District of West Virginia on the dates when the above-described videos and chats took place.

11. Information from AT&T regarding cell-site location information and records of communications (not including the content of the communication) is crucial to West Virginia State Police's ongoing investigation. This information will confirm a more precise location where the target phone was located when the alleged incidents described above occurred. Therefore, the United States respectfully requests that AT&T be ordered to provide complete historical cell tower data and communication log records for AT&T cell phone number 681-313-0592. The United States submits the above and foregoing specific and articulable facts show there are reasonable grounds to believe that the records described in Attachment A are relevant and material to the ongoing criminal investigation.

## REQUEST FOR ORDER

12. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify with greater precision where Nicholas was located at the relevant times on July 1, 2016; December 2, 2016; January 11, 2017; and March 24, 2017. Accordingly, the United States requests that AT&T be directed to produce all items described in Part II of Attachment A to the proposed Order.

                Respectfully submitted,

                MICHAEL B. STUART
                United States Attorney

By:           */s/ Jennifer Rada Herrald*
                s/Jennifer Rada Herrald
                JENNIFER RADA HERRALD
                Assistant United States Attorney
                WV State Bar No. 12181
                300 Virginia Street, East
                Room 4000
                Charleston, WV 25301
                Telephone: 304-345-2200
                Fax: 304-347-5104
                E-Mail: Jennifer.herrald@usdoj.gov

## ATTACHMENT A

### I. The Account(s)

The Order applies to certain records and information associated with the following telephone numbers:

681-313-0592

### II. Records and Other Information to Be Disclosed

AT&T Mobility is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period June 15, 2016 through March 31, 2017:

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);
2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
3. Local and long distance telephone connection records;
4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
5. Length of service (including start date) and types of service utilized;
6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

    B.    All records and other information (not including the contents of communications) relating to the Account, including:

        1.    Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

        2.    Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

        3.    All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account.